IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 10-20128-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| TIJUAN A. LEE, | ) | No. 16-2700-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #148) filed October 13, 2016. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

**Factual Background**

On February 25, 2011, defendant pled guilty to conspiracy to manufacture, to possess with intent to distribute and to distribute five grams or more of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). On March 30, 2012, the Court sentenced defendant to 235 months in prison. The Tenth Circuit affirmed. See United States v. Lee, 535 F. App'x 677 (10th Cir. Sept. 5, 2013).[1]

On July 23, 2014, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion asserted that (1) the superseding indictment was fatally defective because it failed to charge an offense; (2) the Court lacked subject matter jurisdiction; (3) defense counsel provided ineffective assistance; (4) the Court imposed an illegal sentence and

---

[1] On February 9, 2015, under 18 U.S.C. § 3582(c)(2), the Court reduced defendant's term of imprisonment from 235 to 188 months. See Doc. #136.

(5) appellate counsel provided ineffective assistance for failing to raise these issues. On October 15, 2015, the Court overruled defendant's motion and denied a certificate of appealability. See Memorandum And Order (Doc. #140). On March 4, 2016, the Tenth Circuit denied a certificate of appealability and dismissed his appeal. See Order (Doc. #147).

On October 13, 2016, defendant filed the instant motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserts that he is entitled to be resentenced in light of Amendment 794 to the Sentencing Guidelines which took effect November 1, 2015. In particular, defendant claims that under Section 3B1.2, he is entitled to a decrease in his offense level based on his mitigating role in the offense.

**Analysis**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in deciding whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

Because it appears that defendant's claims do not satisfy the authorization standards under Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).  A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

Here, defendant relies solely on an amendment to the Sentencing Guidelines.  Defendant has not asserted "newly discovered evidence" or that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable.  Accordingly, the Court declines to transfer the present motion to the Court of Appeals.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #148) filed October 13, 2016 is **DISMISSED for lack of jurisdiction**.

Dated this 25th day of October, 2016 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge