**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 10-20128-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| TIJUAN A. LEE, | ) | **No. 17-2428-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion For Fed. Rule Of Civ. Pro. 60(b)(6)

Reconsideration To Correct Error In [A] 28 U.S.C. § 2255 Proceeding (Doc. #158) filed March 9,

2017, which the Court construes as both a motion to reconsider under Rule 60(b)(6), Fed. R. Civ. P.,

and a second or successive motion to vacate sentence under 28 U.S.C. § 2255. For reasons stated

below, the Court overrules defendant's motion to reconsider and dismisses defendant's motion to

vacate for lack of jurisdiction.

**Factual Background**

On October 7, 2010, a grand jury charged defendant with conspiracy to distribute 50 or more

grams of crack cocaine (Count 1), being a felon in possession of a firearm (Count 2) and three

counts of distribution of crack cocaine (Counts 3-5). Kirk Redmond initially represented defendant.

On February 3, 2011, the Court granted defendant's pro se motion to have Redmond withdraw as

defense counsel. On February 4, 2011, Carl Cornwell entered an appearance on behalf of defendant.

On February 25, 2011, defendant pled guilty to one count of a superseding information which

charged him with conspiracy to manufacture, to possess with intent to distribute and to distribute

five grams or more of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

The initial Presentence Investigation Report ("PSIR") found defendant responsible for 41.08 grams of crack cocaine and noted that he qualified for a three-level reduction of his offense level for acceptance of responsibility. See PSIR (Doc. #32) filed May 24, 2011, ¶ 19. Defendant therefore had a total offense level of 25 with a criminal history category III for a guideline range of 70 to 87 months. See id., ¶ 77.

Defendant objected to the drug quantity in the initial PSIR. At the first sentencing hearing, Lakesha Wesley and Tynisha Mays testified that defendant's conduct involved a greater quantity of crack cocaine than the PSR estimated. Defendant testified that he should be held accountable for less than 41.08 grams. Based on the testimony at the hearing, the Court ordered a revised PSIR. The revised PSIR held defendant accountable for 189.78 grams of crack cocaine, removed the reduction for acceptance of responsibility and assessed defendant a two-level enhancement for obstruction of justice. See Amended PSIR (Doc. #41) filed June 30, 2011, ¶¶ 21, 24-28, 34.

On August 17, 2011, the Court allowed Cornwell to withdraw and appointed Jeffrey Morris to represent defendant. At a hearing on defendant's motion to withdraw his plea of guilty, defendant testified that he has a learning disability and that before the plea hearing, Cornwell did not review with him the superseding information, the plea agreement or the petition to enter a plea of guilty. Defendant testified that Cornwell told him to falsely tell the Court that he had reviewed those documents. Defendant stated that he was confused during the plea hearing and did not understand that the superseding information charged him with conspiracy. Defendant testified that he thought that he was pleading guilty to simple possession. He also asserted that he did not understand the potential effect of relevant conduct on his sentence. The Court found that viewed as a whole, the plea colloquy did not demonstrate that defendant was so confused about the potential sentence as

to render his plea unknowing or involuntary.  Based on all relevant factors, the Court found that defendant did not show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

At sentencing on March 30, 2012, the Court sustained defendant's objection to the two-level enhancement for obstruction of justice.  Defendant had a revised total offense level of 36 with a criminal history category III for a guideline range of 235 to 240 months.  See Transcript Of Motions And Sentencing (Doc. #106) at 25, 53.  The Court sentenced defendant to 235 months.  The Tenth Circuit affirmed.  See United States v. Lee, 535 F. App'x 677 (10th Cir. Sept. 5, 2013).[1]

On July 23, 2014, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Defendant's motion asserted that (1) the superseding indictment was defective because it failed to charge an offense; (2) the Court lacked subject matter jurisdiction; (3) Cornwell provided ineffective assistance; (4) the Court imposed an illegal sentence and (5) Morris provided ineffective assistance. On October 15, 2015, the Court overruled defendant's motion and denied a certificate of appealability.  See Memorandum And Order (Doc. #140).  On March 4, 2016, the Tenth Circuit denied a certificate of appealability and dismissed his appeal.  See United States v. Lee, 637 F. App'x 525 (10th Cir. 2016).

On October 13, 2016, defendant filed a second motion to vacate his sentence under 28 U.S.C. § 2255.  Defendant asserted that he was entitled to be resentenced in light of Amendment 794 to the Sentencing Guidelines which took effect November 1, 2015.  On October 25, 2016, the Court

---

[1]     On February 9, 2015, under 18 U.S.C. § 3582(c)(2), the Court reduced defendant's term of imprisonment from 235 to 188 months.  See Doc. #136.

dismissed defendant's motion to vacate for lack of jurisdiction.  See Memorandum And Order (Doc. #150).

On March 9, 2017, defendant filed the instant motion under Rule 60(b), Fed. R. Civ. P. Defendant asks the Court to reconsider its order which overruled his first Section 2255 motion, i.e. the Court's Memorandum And Order (Doc. #140) filed October 15, 2015.  In his motion, defendant raises multiple claims including many of which the Court previously addressed.  First, defendant alleges that Cornwell provided ineffective assistance because (1) he did not anticipate that the government would change its policy on the retroactivity of the amendment to the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372 ("FSA"), (2) he did not ask to continue the case so that defendant could receive the benefit of the FSA amendment, (3) he did not litigate the retroactivity of the FSA amendment before defendant pled guilty and (4) he advised defendant to accept the plea offer based on a misunderstanding of the structure and mechanics of the Guidelines. Motion For Fed. Rule Of Civ. Pro. 60(b)(6) Reconsideration To Correct Error In [A] 28 U.S.C. § 2255 Proceeding (Doc. #158) at 2-4.  Defendant alleges that Morris provided ineffective assistance because (1) at sentencing, he did not object to the proposed statutory and guideline ranges and (2) on appeal, he did not raise the FSA claim.  Id. at 6.  Defendant maintains that the Court erred because (1) it did not comply with Rule 11 at the change of plea hearing by misadvising defendant of the statutory minimum, (2) it did not correctly apply the FSA amendment and (3) it did not allow defendant to withdraw his plea of guilty before sentencing.  Id. at 4,7; Supplement To Defendant's Rule 60(b)(6) Reconsideration Motion (Doc. #152) filed March 9, 2017 at 1-2.  Defendant also alleges fraud on the Court and prosecutorial misconduct because the prosecutor misadvised the Court on the statutory minimum during the Rule 11 plea colloquy.  Motion For Fed. Rule Of Civ.

Pro. 60(b)(6) Reconsideration To Correct Error In [A] 28 U.S.C. § 2255 Proceeding (Doc. #151) at

5.

## Analysis

**I.     Basis For Relief Requested In Defendant's Motion**

Initially, the Court addresses how to construe defendant's motion.  Although defendant has

filed his motion under Rule 60(b)(6), Fed. R. Civ. P., the Court must determine if the motion is in

fact an unauthorized second or successive petition under 28 U.S.C. § 2255.  See United States v.

Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006) (relief sought, not pleading's title, determines whether

pleading is Section 2255 motion); United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir.

2002) (to allow petitioner to avoid bar against successive habeas petitions by styling petition under

different name would severely erode procedural restraints under Sections 2244(b)(3) and 2255).  To

determine whether a Rule 60(b) motion represents a second or successive petition, a "true"

Rule 60(b) motion, or a "mixed" motion, the Court considers separately each issue raised in the

motion.  Spitznas v. Boone, 464 F.3d 1213, 1224 (10th Cir. 2006).  In the case of a mixed motion,

the Court (1) addresses the merits of the true Rule 60(b) allegations as it would in any other

Rule 60(b) motion and (2) forwards the second or successive claims to the Tenth Circuit for

authorization if doing so is in the interest of justice.  Alford v. Cline, No. 17-3017, 2017 WL

2473311, at *2 (10th Cir. June 8, 2017); Spitznas, 464 F.3d at 1217.

The Court deems an issue raised in a Rule 60(b) motion to be part of a second or successive

Section 2255 motion unless it (1) challenges only a procedural ruling (such as timeliness) which

precluded a merits determination of the habeas application or (2) challenges a defect in the integrity

of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to

a merits-based attack on the disposition of a prior habeas petition.  Spitznas, 464 F.3d at 1215-16.

An issue should be considered part of a second or successive petition "if it in substance or effect

asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  Id. at

1215.

      A.      Claims Of Ineffective Assistance

As noted, defendant claims that Cornwell and Morris provided ineffective assistance of

counsel.  The Court treats these claims as part of a successive Section 2255 motion.  Defendant's

ineffective assistance claims do not challenge any procedural ruling on his first Section 2255 motion

or allege any defect in the integrity of the prior Section 2255 proceeding.  Instead, defendant's

claims involve either a merits-based attack on the Court's ruling on his first Section 2255 motion

or additional grounds in support of his claims of ineffective assistance.  The Court therefore

construes these claims as part of a successive motion to vacate under 28 U.S.C. § 2255.  See Alford,

2017 WL 2473311, at *2 (new claims that defendant could have but did not assert previously are

second or successive); Spitznas, 464 F.3d at 1215-16 (second or successive claims in substance or

effect assert or reassert federal basis for relief); United States v. James, 660 F. App'x 607, 610 (10th

Cir. 2016) (motion to reconsider that adds claim of ineffective assistance of counsel was

unauthorized second or successive motion); United States v. Moreno, 655 F. App'x 708, 713 (10th

Cir. 2016) (motion to reconsider which reargues and expands upon prior substantive challenges to

conviction not true Rule 60(b) motion).

      B.      Claims Of Judicial Error

Based on the waiver of collateral challenges in the plea agreement, the Court previously

overruled defendant's claims of judicial error.  See Memorandum And Order (Doc. #140) at 17-18.

Because the Court decided these particular issues on a procedural ground, the Court treats defendant's present claims of judicial error as part of a "true" Rule 60(b) challenge to this procedural ruling.[2]  See Spitznas, 464 F.3d at 1224-25 (allegation that court failed to reach merits during prior proceeding is "true" Rule 60(b) claim).

      C.      Claim Of Fraud On The Court And Prosecutorial Misconduct

Defendant's claim of fraud on the Court and prosecutorial misconduct involves a merits-based attack on the Court's ruling on his first Section 2255 motion or alternative grounds to vacate his conviction and sentence.  Accordingly, the Court treats this claim as part of a second or successive Section 2255 motion.  See Spitznas, 464 F.3d at 1216.

**II.    Relief Under Fed. R. Civ. P. 60(b)**

The Court has discretion to grant or deny a motion to vacate judgment under Rule 60(b).  See Fed. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998).  Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.  See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999).  Under Rule 60(b), the Court may relieve a party from a final judgment, order or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

---

[2]    Defendant argues that he is challenging (1) the Court's "flawed compliance with Rule 11" at the change of plea hearing, Supplement To Defendant's 60(b)(6) Reconsideration (Doc. #152) at 1; (2) a defect that affected the "fairness and integrity of the plea and sentencing proceedings," id. at 2; and (3) the "integrity of the sentencing and plea proceeding," Letter (Doc. #157) filed April 6, 2017 at 1.  Such claims are attacks on the original plea and sentencing proceedings and do not allege a defect in the integrity of the prior "federal habeas proceeding." Spitznas, 464 F.3d at 1216.  Defendant also argues this his motion is a true Rule 60(b) motion because he asserts a "procedural error in the disposition of his original habeas motion." Supplement To Defendant's 60(b)(6) Reconsideration (Doc. #152) at 1. Liberally construing defendant's motion and supplemental memoranda, defendant attacks this Court's procedural ruling that the waiver of collateral challenges in the plea agreement barred his claims of judicial error.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Defendant alleges that the Court erred in ruling on his first Section 2255 motion. Claims of judicial mistake (both of law and of fact) ordinarily must be raised under Rule 60(b)(1). Yapp, 186 F.3d at 1231 (Rule 60(b)(1) provides for reconsideration where party has made excusable litigation mistake, attorney acted without authority, or court made substantive mistake of law or fact in final judgment or order). A party cannot assert judicial mistake in a Rule 60(b)(1) motion unless the motion is filed by the deadline for filing a notice of appeal. See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 578 (10th Cir. 1996); see also Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 461 (8th Cir. 2000) (Rule 60(b)(1) motion alleging "judicial inadvertence" must be made within period allowed for appeal). Upon a showing of excusable neglect, a Rule 60(b)(1) motion can be filed as late as one year after the judgment or ordered entered. Fed. R. Civ. P. 60(c)(1) (motion under Rule 60(b)(1), (2) or (3) must be made within reasonable time no more than one year after entry of judgment or order); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) (if party is partly to blame for delay, neglect must be excusable and relief must be sought within one year under subsection (1)) Here, defendant cannot assert a motion under Rule 60(b)(1)

some 17 months after the Court ruled on his Section 2255 motion.

In light of the untimeliness of the motion under Rule 60(b)(1), defendant has filed his motion under Rule 60(b)(6) which requires that he file the motion within a "reasonable time" after entry of the challenged judgment or order. See Fed. R. Civ. P. 60(c)(1). While Rule 60(b)(6) embraces the broad equitable powers of district courts, the Court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when it offends justice to deny relief. Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir. 2005); Yapp, 186 F.3d at 1232. Defendant has not satisfied this standard for several reasons.

First, Rule 60(b)(6) cannot be invoked to challenge judicial mistakes which the party should have raised under Rule 60(b)(1). The Supreme Court has noted that Rule 60(b)(6) is "mutually exclusive" with the other subsections of Rule 60(b). Pioneer, 507 U.S. at 393. A party who fails to take timely action under subsections (1) through (5) may not seek relief more than a year after the judgment by resorting to subsection (6). Id.; Liljeberg v. Health Sers. Acquisition Corp., 486 U.S. 847, 863, and n.11 (1988); see Wallace v. McManus, 776 F.2d 915, 916 (10th Cir. 1985) (Rule 60(b)(6) relief not available if asserted grounds for relief covered by another provision of Rule 60(b)). Because plaintiff did not timely seek relief from the alleged mistake of law under Rule 60(b)(1), he is not entitled to relief under Rule 60(b)(6).

Second, Rule 60(b)(6) cannot be used as a substitute for raising arguments on direct appeal or as a challenge to the appellate court's earlier ruling. See Cummings v. Gen. Motors Corp., 365 F.3d 944, 955 (10th Cir. 2004) (relief under Rule 60(b) not substitute for appeal); see also Cashner, 98 F.3d at 580 (broad power granted by subsection (6) not for purpose of relieving party

from free, calculated and deliberate choices; party has duty to take legal steps to protect interests).

Here, defendant voluntarily elected not to assert certain claims in his earlier motion or on appeal.

Rule 60(b)(6) relief is not available as an alternative to the normal process of timely seeking

amendment of a Section 2255 petition or raising claims on appeal.

Finally, defendant has not shown extraordinary circumstances which justify relief or that

denying relief would offend justice.   Defendant's only true Rule 60(b) argument is that this Court

erred by finding that the plea agreement's waiver of collateral challenge rights barred his prior

claims of judicial error.   This Court and the Tenth Circuit already considered this precise issue and

gave defendant an adequate forum to address his claims.   Lee, 637 F. App'x 525; see Harley v.

Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (Rule 60(b)(6) relief available only where exceptional

circumstances have denied moving party full and fair opportunity to litigate claim and have

prevented party from receiving adequate redress); Atkinson v. Prudential Prop. Co., 43 F.3d 367,

373 (8th Cir. 1994) (exceptional circumstances relevant only where they bar adequate redress).

Defendant merely seeks to reargue the issue and to raise new arguments that could have been raised

in his earlier Section 2255 motion or on appeal.   See Lebahn v. Owens, 813 F.3d 1300, 1306 (10th

Cir. 2016) ( Rule 60(b) motion not appropriate vehicle to advance new arguments or supporting facts

available but not raised at time of original argument).   In addition to the limitations under

Rule 60(b), the law of the case doctrine counsels against any attempt to reconsider an issue that the

Tenth Circuit has already adjudicated.   See Arizona v. California, 460 U.S. 605, 618 (1983) (under

law of case doctrine, once court decides rule of law, decision continues to govern same issues in

subsequent stages in same case).

In sum, the Court declines to grant relief under Rule 60(b)(6).

**III.    Relief Under 28 U.S.C. § 2255**

Defendant previously filed a Section 2255 motion.   Pursuant to the Antiterrorism and

Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant

to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing

the district court to consider the motion.   See 28 U.S.C. §§ 2244(b)(3), 2255(h).   If defendant files

a second or successive motion without first seeking the required authorization, the district court may

(1) transfer the motion to the appellate court if it determines that it is in the interest of justice

pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction.   See In re Cline, 531

F.3d 1249, 1252 (10th Cir. 2008).   The Court has discretion whether to transfer or dismiss without

prejudice.   Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006).   In making this decision,

the Court considers whether the claims would be time barred if filed anew in the proper forum,

whether the claims are likely to have merit and whether the claims were filed in good faith or if, on

the other hand, it was clear at the time of filing that the Court lacked jurisdiction.   Id. at 1223 n.16.

Because it appears that defendant's claims do not satisfy the authorization standards under

Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit.   See In

re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy

authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)

(waste of judicial resources to require transfer of frivolous, time-barred cases).   A second or

successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals

certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light

of the evidence as a whole would establish by clear and convincing evidence that no reasonable

factfinder would have found defendant guilty of the offense; or (2) a new rule of constitutional law,

made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable.  28 U.S.C. § 2255(h).

Here, defendant largely raises the same claims based on the effectiveness of trial and

appellate counsel, the voluntariness of his plea and the quantity of drugs.  This Court and the Tenth

Circuit have already addressed these claims or closely-related ones.[3]  Defendant seeks to add claims

based on his misunderstanding at the time of his plea that the statutory minimum under the FSA was

five years.  While the Court, defense counsel and the government made various statements about the

statutory minimum, defendant has not shown how such statements impacted his decisions to plead

---

[3]        See Lee, 637 F. App'x at 525-26 (declining to address claim that trial court erred in
refusing to let him withdraw plea because Tenth Circuit panel squarely rejected that argument on
direct appeal); id. at 526 (declining to address arguments that trial counsel was ineffective in failing
to cite certain authority in support of request to withdraw plea or that prosecutor perpetrated fraud
on court because defendant did not raise issue below); id. (defendant has not shown that reasonable
jurists would find debatable or wrong the district court decision to apply collateral challenges
waiver);  id. (defendant has not shown that reasonable jurists would find  debatable or wrong the
district court decision to overrule ineffective assistance claim based on failure to investigate and
prepare for sentencing); Lee, 535 F. App'x at 681 ("we have no doubt: Lee's plea was knowing and
voluntary"); id. at 681-82 (neither Cornwell's performance during plea hearing nor statements in
pre-sentencing letter to defendant show deficient performance); id. at 682 (plea colloquy
demonstrates great care judge took to ensure defendant not coerced into guilty plea despite any
impatience by counsel); id. (Cornwell's letter on sentencing provided "as much guidance as possible
under the circumstances" since judge had not yet made relevant conduct findings); id. at 682-83
(appellate waiver enforceable because defendant knowingly and voluntarily acquiesced to plea
agreement); Memorandum And Order (Doc. #140) at 6-16, 18 (overruling claims that Cornwell or
Morris provided ineffective assistance); id. at 17-18 (finding that plea waiver should be enforced
because defendant knowingly and voluntarily waived rights); Memorandum And Order (Doc. #73)
at 4-7 (finding that defendant failed to show plea was unknowing or involuntary or any other reason
to justify withdrawal of plea).

guilty or to challenge the relevant conduct findings in the original PSR.[4]  In any event, at sentencing,

the Court retroactively applied the amended statutory range with no minimum and a maximum of

20 years.  See Transcript Of Motions And Sentencing (Doc. #106) at 25, 53; Statement Of Reasons

(Doc. #96) at 1.  Accordingly, defendant was not prejudiced by any statements that the statutory

minimum under the earlier version of the FSA was five years.  Defendant also has not asserted

"newly discovered evidence" or that the Supreme Court has made retroactive a new rule of

constitutional law that was previously unavailable.  Accordingly, the Court declines to transfer the

present motion to the Court of Appeals.

**IT IS THEREFORE ORDERED** that defendant's Motion For Fed. Rule Of Civ.

Pro. 60(b)(6) Reconsideration To Correct Error In [A] 28 U.S.C. § 2255 Proceeding (Doc. #158)

filed March 9, 2017, which the Court construes as both a motion to reconsider under Rule 60(b)(6),

Fed. R. Civ. P., and a second or successive motion to vacate sentence under 28 U.S.C. § 2255, is

**OVERRULED in part and DISMISSED in part**.  **Defendant's motion to reconsider under**

---

[4]        To show prejudice in the guilty plea context, defendant must show a reasonable
probability that but for counsel's errors, he would not have pled guilty and would have insisted on
going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Clingman, 288 F.3d
1183, 1186 (10th Cir.2002); Miller v. Champion, 262 F.3d 1066, 1068–69 (10th Cir. 2001).  As part
of his proof, defendant must show that "a decision to reject the plea bargain would have been
rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v.
Flores-Ortega, 528 U.S. 470, 480, 486 (2000)).  Here, defendant suggests that he would not have
pled guilty if he had known that no statutory minimum applied.  Defendant has not shown a
reasonable probability that if counsel had explained the absence of a statutory minimum, he would
not have pled guilty and would have insisted on going to trial, or that such a decision would have
been rational under the circumstances.  Defendant has not explained how his understanding of the
statutory minimum being either zero or five years impacted his decision to plead guilty.  The original
PSR calculated defendant's guideline range at 70 to 87 months – well above the prior FSA minimum
of 60 months.

-14-

**Rule 60(b)(6), Fed. R. Civ. P., is OVERRULED.  Defendant's second or successive motion to**

**vacate sentence under 28 U.S.C. § 2255 is DISMISSED for lack of jurisdiction**.

Dated this 28th day of July, 2017 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge