## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 10-20128-01-KHV** |
| TIJUAN A. LEE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Verified Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582</u> (Doc. #164) filed November 13, 2017.  For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

### Factual Background

On October 7, 2010, a grand jury charged defendant with conspiracy to distribute 50 or more grams of cocaine base (Count 1), being a felon in possession of a firearm (Count 2) and three counts of distribution of cocaine base (Counts 3-5).  <u>Sealed Indictment</u> (Doc. #1).  On February 25, 2011, defendant pled guilty to one count of conspiracy to manufacture, to possess with intent to distribute and to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).  <u>Petition To Enter Plea Of Guilty And Order Entering Plea</u> (Doc. #29).

The initial Presentence Investigation Report ("PSIR") found defendant responsible for 41.08 grams of cocaine base and noted that he qualified for a three-level reduction of his offense level for acceptance of responsibility.  <u>See</u> PSIR (Doc. #32) filed May 24, 2011, ¶ 19.  Defendant therefore had a total offense level of 25 with a criminal history category III for a guideline range of 70 to 87 months.  <u>See</u> <u>id.</u>, ¶ 77.

Defendant objected to the drug quantity in the initial PSIR. At the first sentencing hearing, Lakesha Wesley and Tynisha Mays testified that defendant's conduct involved a greater quantity of cocaine base than the PSIR estimated. Defendant testified that he should be held accountable for less than 41.08 grams. Based on the testimony at the hearing, the Court ordered an amended PSIR. The amended PSIR held defendant accountable for 189.78 grams of cocaine base and removed the reduction for acceptance of responsibility. See Amended PSIR (Doc. #41) filed June 30, 2011, ¶¶ 21, 34. Defendant had a revised total offense level of 36 with a criminal history category III for a guideline range of 235 to 240 months. See Transcript Of Motions And Sentencing (Doc. #106) filed June 5, 2012 at 25, 53. The Court sentenced defendant to 235 months. The Tenth Circuit affirmed. See United States v. Lee, 535 F. App'x 677 (10th Cir. 2013).[1]

On July 23, 2014, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. On October 15, 2015, the Court overruled defendant's motion and denied a certificate of appealability. See Memorandum And Order (Doc. #140). On March 4, 2016, the Tenth Circuit denied a certificate of appealability and dismissed his appeal. See United States v. Lee, 637 F. App'x 525 (10th Cir. 2016).

On October 13, 2016, defendant filed a second motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserted that he was entitled to be resentenced in light of Amendment 794 to the Sentencing Guidelines. On October 25, 2016, the Court dismissed defendant's motion to vacate for lack of jurisdiction. See Memorandum And Order (Doc. #150).

On March 9, 2017, defendant filed a motion under Rule 60(b), Fed. R. Civ. P., which sought

[1] On February 9, 2015, under 18 U.S.C. § 3582(c)(2), the Court reduced defendant's term of imprisonment from 235 to 188 months. See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #136).

reconsideration of the Court's order which overruled his first Section 2255 motion, i.e. Memorandum And Order (Doc. #140) filed October 15, 2015.  The Court construed defendant's motion as both a motion to reconsider under Rule 60(b)(6) and a second or successive Section 2255 motion.  Memorandum And Order (Doc. #159) filed July 28, 2017 at 13.  The Court overruled in part and dismissed in part.  Id.  Subsequently, defendant moved to amend his Rule 60(b) motion and sought reconsideration of the order which overruled his Rule 60(b) motion.  The Court overruled both motions.  See Memorandum And Order (Docs. ##162, 163) filed August 18, 2017 and November 06, 2017.

On November 13, 2017, defendant filed his Verified Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582 (Doc. #164), which seeks a sentence reduction under Amendment 794 to the Sentencing Guidelines.  In particular, defendant asserts that the Court should reduce his sentence because the Court based his sentence on unreliable testimony and he played a minor role in the conspiracy.

## Analysis

Defendant seeks relief under Amendment 794 to the Sentencing Guidelines, which became effective November 1, 2015.  A district court has authority to reduce the sentence of a defendant who has been sentenced to a prison term based on a sentencing range that the United States Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o) "if such a reduction is consistent with applicable policy statements issued by the Commission." 18 U.S.C. § 3582(c)(2).  Amendment 794 provides additional guidance to district courts in determining when a mitigating role adjustment applies under Section 3B1.2 of the Guidelines.  See Amendment 794, Supp. to App. C (Nov. 1, 2015).  Unless and until the United States Sentencing

Commission specifically designates the amendment for retroactive application, the Court has no authority to apply the amendment to defendant's case under Section 3582(c)(2).    See 18 U.S.C. § 3582(c)(2) (court may reduce sentence where consistent with policy statements of Commission); U.S.S.G. § 1B1.10 (if amendment not listed in subsection 1B1.10(d), reduction not consistent with policy statement).[2]  Because the Court lacks authority to modify a sentence under Section 3582(c)(2) based on an amendment to the Guidelines which the Sentencing Commission has not designated as retroactive, the Court overrules defendant's motion. See Torres-Aquino, 334 F.3d at 941.

IT IS THEREFORE ORDERED that defendant's Verified Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582 (Doc. #164) filed November 13, 2017 is **DISMISSED for lack of jurisdiction**.

Dated this 20th day of December, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2]      While certain "clarifying" amendments may be applied retroactively in determining whether the district court correctly sentenced defendant under the Guidelines, defendant must seek relief based on such amendments as a challenge to his sentence on direct appeal or in a motion under Section 2255. United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003). Defendant has unsuccessfully challenged his sentence on direct appeal and through multiple Section 2255 motions. See Lee, 535 F. App'x at 682-83; see also Memorandum And Order (Doc. #150) (overruling defendant's Section 2255 motion seeking sentence reduction based on Amendment 794).