# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 10-20128-01-KHV |
| | ) | |
| TIJUAN A. LEE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On March 20, 2012, the Court sentenced defendant to 235 months in prison. On February 9, 2015, under Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 188 months. See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #136). The Court overruled defendant's initial motion to vacate his sentence under 28 U.S.C. § 2255 and dismissed successive motions for relief. See Memorandum And Order (Doc. #159) filed July 28, 2017; Memorandum And Order (Doc. #150) filed October 25, 2016; Memorandum And Order (Doc. #140) filed October 15, 2015. This matter is before the Court on defendant's Motion For Appointment Of Counsel In Light Of The Enactment Of The First Step Act Of 2018 Making The Fair Sentencing Act Of 2010 Retroactive And The Recent Investigation Of AUSA Terra Morehead Concerning Her Misconduct (Doc. #166) filed July 18, 2019 and defendant's Motion For Appointment Of Counsel Pursuant To Standing Order 18-3 And 18 U.S.C. § 3006A (Doc. #167) filed September 9, 2019. For reasons stated below, the Court overrules defendant's motions.

Defendant seeks appointment of counsel to assist with the filing of several motions. In determining whether to appoint counsel in a civil case, the Court considers several factors

including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors to each of defendant's proposed claims, the Court declines to appoint counsel.

I.     **First Step Act Of 2018**

Defendant states that counsel is necessary to assist in a motion for relief under the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194, which retroactively applies the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law 111-220, 124 Stat. 2372. See First Step Act § 404(a) (First Step Act applies to sentences for violation of federal criminal statute with statutory penalties modified by Fair Sentencing Act of 2010 that was committed before August 3, 2010). Effective August 3, 2010, the Fair Sentencing Act reduced the amount of cocaine base needed to trigger certain statutory minimum and maximum sentences. See 21 U.S.C. § 841(b)(1)(A)(iii) (raising from 50 to 280 grams amount of cocaine base needed to trigger statutory range of 10 years to life in prison); 21 U.S.C. § 841(b)(1)(B)(iii) (raising from five to 28 grams amount of cocaine base needed to trigger statutory range of five to 40 years in prison). Under the First Step Act of 2018, the Court may impose a reduced sentence as if the revised statutory penalties of the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act § 404(b).

Here, defendant pled guilty to conspiracy to manufacture, to possess with intent to distribute and to distribute five grams or more of cocaine base, subject to the statutory imprisonment range of five to 40 years under 21 U.S.C. § 841(b)(1)(B). See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #29) filed February 25, 2011 at 2-3 (plea under § 841(b)(1)(B) with statutory range of five to 40 years); Superseding Information (Doc. #27) filed

February 25, 2011 at 1, 3 (same). Even so, at sentencing, the Court applied the revised statutory penalties under the Fair Sentencing Act of 2010. See Judgment In A Criminal Case (Doc. #95) filed March 20, 2012 at 1 ("The defendant pleaded guilty to a Class B felony subject to the penalty provisions of 21 U.S.C. § 841(b)(1)(B); however, the court applies the penalty provisions for a Class C felony, under 21 U.S.C. § 841(b)(1)(C), as determined by the Fair Sentencing Act of 2010."). In particular, because defendant pled guilty to a conspiracy involving only five grams of cocaine base, the Court applied the statutory imprisonment range of zero to 20 years under 21 U.S.C. § 841(b)(1)(C). See id.; see also Transcript Of Sentencing (Doc. #106) filed June 5, 2012 at 5-6, 24-25, 27 (government explanation that statutory maximum under Fair Sentencing Act is 240 months). Because defendant was sentenced based on the revised statutory penalties of the Fair Sentencing Act of 2010, his proposed motion under the First Step Act lacks merit. See First Step Act § 404(c) (no court shall entertain motion under this section if sentence previously imposed in accordance with amendments in sections 2 and 3 of Fair Sentencing Act). For this reason and because the Fair Sentencing Act claim is not particularly complex factually or legally, and defendant is able to adequately present the claim, the Court overrules defendant's request for counsel on this claim.

## II.     Prosecutorial Misconduct Claims

Defendant states that counsel is necessary to investigate "any relevant claims [of] prosecutorial misconduct" involving Assistant United States Attorney ("AUSA") Terra Morehead. Doc. #166 at 2. After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

As noted, defendant has filed multiple Section 2255 motions. Accordingly, under the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h).

Defendant has not explained how any current investigation about AUSA Morehead impacts his case or could be used to satisfy the authorization standards for a second or successive Section 2255 motion. Moreover, defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a Section 2255 motion unless the Court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Accordingly, on the present record, the Court overrules defendant's motion to appoint counsel on this claim.

### III. Claims Involving Attorney-Client Recordings

Defendant asks the Court to appoint counsel to investigate potential Sixth Amendment claims involving attorney-client recordings. Under District of Kansas Standing Order No. 18-3, the Federal Public Defender ("FPD") was appointed "to represent any defendant from the District of Kansas who may have a post-conviction Sixth Amendment claim based on the recording of in-person attorney-client meetings or attorney-client phone calls by any holding facility housing

federal detainees within this District." As part of the appointment, the FPD is to "review potential cases." Because the FPD has already been appointed to review potential cases involving attorney-client recordings, the Court overrules as moot defendant's motion to appoint counsel on this issue.[1]

**IT IS THEREFORE ORDERED** that defendant's Motion For Appointment Of Counsel In Light Of The Enactment Of The First Step Act Of 2018 Making The Fair Sentencing Act Of 2010 Retroactive And The Recent Investigation Of AUSA Terra Morehead Concerning Her Misconduct (Doc. #166) filed July 18, 2019 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Appointment Of Counsel Pursuant To Standing Order 18-3 And 18 U.S.C. § 3006A (Doc. #167) filed September 9, 2019 is **OVERRULED as moot**.

**The Clerk is directed to forward a copy of this Memorandum And Order to the Office of the FPD.**

Dated this 12th day of September, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] At this stage, defendant has not shown that when he was at CCA-Leavenworth, the government recorded any of his attorney-client communications. Even so, to ensure that the FPD has notice of defendant's potential claim, the Court directs the Clerk to forward a copy of this Memorandum And Order to the Office of the FPD.